# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16cv66-FDW

| | | |
|---|---|---|
| GARY CLYDE KEEVER, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HERB JACKSON, | ) | |
| | ) | |
|     Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner's motion for time to reply to Respondent's Answer to Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 10.) Also before the Court is Petitioner's motion for appointment of counsel. (Doc. No. 12.)

Respondent filed an Answer to Petitioner's pro se habeas Petition on October 24, 2016. (Doc. No. 5.) On the same day, Respondent filed a Motion for Summary Judgment and memorandum in support of the summary judgment motion. (Doc. Nos. 6, 8.) According to the certificates of service attached to each pleading, Respondent mailed copies of all three documents to Petitioner on October 24, 2016.

On October 28, 2016, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), notifying Petitioner of his right to respond to the Answer and Motion for Summary Judgment. (Doc. No. 9.) Petitioner was given thirty (30) days to respond. A copy of that Order was mailed to Petitioner on October 28, 2016, which was a Friday.

On Monday, October 31, 2016, Petitioner placed the instant motions in the prison mail system. It appears that Petitioner had not yet received this Court's Order giving him time to

respond to the Answer and/or Motion for Summary Judgment.  Therefore, Petitioner's motion for time to respond is moot.

As for Petitioner's motion for appointment of counsel, there is no constitutional right to the appointment of counsel in a § 2254 proceeding.  Crowe v. United States, 175 F.2d 799 (4th Cir. 1949).  Instead, appointment of counsel is governed by Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing.  Neither of those situations appear to apply here.

Additionally, the Court has discretion to appoint counsel to financially eligible persons in a § 2254 action upon finding that "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Petitioner has not shown circumstances demonstrating the need for appointment of counsel in this case.  Accordingly, Petitioner's motion for appointment of counsel shall be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion for time to reply to Respondent's Answer (Doc. No. 10) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (Doc. No. 12) is **DENIED**.

Signed: November 4, 2016

Frank D. Whitney
Chief United States District Judge